IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY,

      Plaintiff,                     No. CIV S-06-482 KJM P

   vs.

S. PICKENS, et al.,

      Defendants.              ORDER

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983, alleging that defendants failed to honor a "chrono" for a lower bunk, which eventually led to plaintiff's injuries when he fell from an upper bunk. Plaintiff has now filed a motion for reconsideration of this court's earlier motion declining to reopen discovery and a motion to have witnesses brought to court and for the appointment of counsel.

I. <u>Motion To Reconsider</u>

       In his motion to reconsider, plaintiff presents the same arguments he presented in his motion to reopen discovery, saying in essence that he did not understand the discovery process. Nothing in plaintiff's motion inclines the court to reconsider its previous ruling.

II. <u>Motion To Secure Attendance Of Witnesses</u>

       Plaintiff has asked that inmate Andre Carter, V-52031, be brought to court as a defense witness. In his filings, plaintiff has made a sufficient showing that Mr. Carter's

testimony will be relevant.  The appropriate order will be issued in time to bring Mr. Carter to court.

Plaintiff also seeks an order directing the appearance of two CDCR doctors who were involved in issuing the lower bunk chrono.  Not earlier than four weeks and not later than two weeks before trial, the party must prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the witness.  (Blank subpoena forms may be obtained from the Clerk of the Court.)  Also, the party seeking the witness's presence must tender an appropriate sum of money to the witness through the United States Marshal.  In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00 plus the witness's travel expenses.

A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money order made payable to the witness for the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy of the court's order granting plaintiff in forma pauperis status.  Because no statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel expenses is required even if the party has been granted leave to proceed in forma pauperis.

Finally, the court declines to appoint counsel at this time.  <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

III.  <u>Trial</u>

Jury trial is set for November 29, 2010 at 10:00 a.m. in Courtroom Twenty-Six.  Any updated pretrial statements are due within fourteen days of the date of this order.  Pretrial conference on the papers will be held November 17, 2010, and the necessary orders for the attendance of witnesses will be issued at that time.

/////

/////

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion for reconsideration (docket no. 54) is denied;

2. Plaintiff's motion to have witnesses served (docket no. 56) is granted insofar as the court will order Andre Carter to be brought to court to testify, but denied in all other respects;

3. Updated pretrial statements are due within fourteen days of the date of this order; and

4. Trial is set for November 29, 2010, at 10:00 a.m. in Courtroom Twenty-Six.

DATED: September 30, 2010.

_____
U.S. MAGISTRATE JUDGE

2

dice0482.ord