IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERLAN LYNELL DICEY

      Plaintiff,                No. CIV S-06-0482 KJN (TEMP) P

   vs.

S. PICKENS, et al.

      Defendants.          <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding through counsel with an action under 42 U.S.C. § 1983. On December 2, 2010, a jury returned a unanimous verdict for all four defendants. The court entered judgment pursuant to the verdict on December 6, 2010. On January 3, 2011, plaintiff, acting through counsel, moved for a new trial ("Motion"). (Dkt. 123.) The court heard the motion on April 7, 2011.

      Plaintiff invokes Federal Rule of Civil Procedure 59(a), arguing a new trial is necessary to prevent a miscarriage of justice. Plaintiff points to defense counsel's statement in closing argument that "plaintiff has nothing to lose here, nothing [and] [t]hese [defendants] have everything to lose." Defense counsel would repeat the "everything to lose" line a few moments later and add, referring to defendants, "[t]heir job is important."

      Plaintiff's counsel did not object to any of these statements when defense counsel

1

made them, although they did object at other points during the defense's closing argument. Plaintiff's counsel did not request a curative instruction. Plaintiff's counsel did not move for a mistrial after closing argument. They have not moved for a judgment notwithstanding the verdict.

Plaintiff argues that the statements at closing argument undermined the fairness and integrity of the proceedings because: (1) they contravene the law prohibiting counsel from introducing evidence of the financial implications of a judgment against defendant; (2) they were not relevant to any issue at trial; (3) they were not based on any evidence received at trial and are untrue; (4) they were made to appeal to the sympathies and prejudice of the jury. (Motion, p. 7.)

A new trial is warranted in a civil case where attorney misconduct "sufficiently permeate[d] [the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict." Settlegood v. Portland Pub. Schs., 371 F.3d 503, 516-17 (9th Cir. 2004). This is a steep standard of severe prejudice and is even more difficult to meet when the complaining party failed to object at trial:

> The federal courts erect a "high threshold" to claims of improper closing arguments in civil cases raised for the first time after trial. Kaiser Steel Corp. v. Frank Coluccio Constr. Co., 785 656, 658 (9th Cir. 1986). The rationale for this high threshold is two-fold. First, raising an objection after the closing argument and before the jury begins deliberations "permits the judge to examine the alleged prejudice and to admonish counsel or issue a curative instruction, if warranted." Id. ... The second rationale stems from the court's concern that allowing a party to wait to raise error until after a negative verdict encourages that party to sit silent in the face of claimed error.

Hemmings v. Tidyman's, Inc., 285 F.3d 1174, 1193 (9th Cir. 2002). This high threshold requires the complaining party to show "plain or fundamental error " warranting a new trial. The "plain error" standard requires showing all of four elements: (1) an error that was (2) plain or obvious and was (3) prejudicial or affected substantial rights such that (4) review is necessary to prevent a miscarriage of justice. Settlegood, 371 F.3d at 518. "Plain error is a rare species in civil litigation, encompassing only those errors that reach the pinnacle of fault envisioned by the

standard...." <u>Hemmings</u>, 285 F.3d at 1193.

Plain or fundamental error arising from attorney misconduct is rare where the alleged misconduct was isolated to a statement in closing argument, even when the statement itself is found to have been improper.  In <u>Kehr v. Smith Barney</u>, 736 F.2d 1283, 1286 (9th Cir. 1984), the Ninth Circuit declined to order a new trial because counsel's several "improper" statements were "isolated [to argument] rather than persistent."  In <u>Cooper v. Firestone Tire & Rubber Co.</u>, 945 F.2d 1103, 1107 (9th Cir. 1991), the Ninth Circuit declined to grant a new trial where "the alleged misconduct occurred only in the argument phase of the trial[,] most of counsel's comments were not objected to at trial, and appellants did not move for a mistrial at the end of the argument."

A court assessing the prejudicial and "permeating" nature of improper statements by counsel should look to "the totality of the circumstances and weigh such factors as the nature of the comments, their frequency, their possible relevancy to the real issues before the jury, the manner in which the parties and the court treated the comments, the strength of the case, and the verdict itself."  <u>Hemmings</u>, 285 F.3d at 1193 (internal quotations and citation omitted).  Thus, the remedy of a new trial to cure attorney misconduct in argument is "available only in 'extraordinary cases.'"  <u>Id.</u> (citation omitted).

In light of the above-cited authority, defense counsel's statement that the defendants had "everything to lose," twice stated near the end of closing argument, to which plaintiff's counsel did not object or contest with a motion for mistrial, can only justify a new trial if it capped off the most extreme circumstances of cumulative prejudice—and this assumes that the statement was as egregiously improper as plaintiff argues it was.  Defendants plausibly respond that their counsel was only commenting on the credibility of the parties, but the court need not accept or reject that interpretation.  Even accepting plaintiff's interpretation *arguendo*, plaintiff's motion falls well short of showing counsel's statements "sufficiently permeate[d] [the] entire proceeding to provide conviction that the jury was influenced by passion and prejudice in

reaching its verdict." <u>Settlegood</u>, 371 F.3d at 516-17.  To the ultimate point, plaintiff has not shown any cumulative prejudice here: the weight of his evidence, the sole jury instruction of which plaintiff now complains (but to which his counsel did not object at trial), and the circumstances of his counsel's appointment before trial do not add up to render the allegedly offending closing statements an extraordinary instance of attorney misconduct.  Therefore, the remedy of a new trial is not available.

        Accordingly, IT IS HEREBY ORDERED that the motion for a new trial (Docket No. 123) is denied.

DATED:  April 15, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

dice0482.oah